# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
April 17, 2013 Session

## STATE OF TENNESSEE v. LAMAR PARISH CARTER

**Interlocutory Appeal from the Criminal Court for Davidson County**
**No. 2009-C-2767     Seth Norman, Judge**

**No. M2012-01734-CCA-R9-CD - Filed August 29, 2013**

THOMAS T. WOODALL, J., concurring.

In this case, Defendant filed a motion to dismiss the indictment pursuant to the constitutional protections afforded him to be protected from double jeopardy. Defendant asserts in this interlocutory appeal that the trial court erred by denying the motion. I concur in the results reached by the majority, but write separately to express my opinion that the *only* justifiable reason for the trial court to deny the motion was the Defendant's failure to explicitly object to the declaration of a mistrial.

In his brief, Defendant asserts that his counsel was not allowed to voice an objection to the declaration of a mistrial. I am unable to agree with this statement from reading the transcript. It is correct that Defendant was prohibited from "making a record," an apparent reference to making an offer of proof. Also, it was error by the trial court to adamantly and abruptly refuse to allow counsel to "make a record" upon the trial court's decision to *sua sponte* order a mistrial. *See Alley v. State*, 882 S.W.2d 810, 816 (Tenn. Crim. App. 1994). In *Alley*, this court stated,

> The general rule is that "assuming an offer of proof has been seasonably made, it is error for the trial court to refuse to permit counsel to state what evidence he is offering." 89 A.L.R. "Offer of Proof–Ruling–Error" § 2 at 283 (1963). The purpose of an offer is two-fold. First, the proof informs the trial court what the party intends to prove so that the court may rule intelligently. *Id*. § 1 at 281. Second, an offer creates a record so that an appellate court can determine whether there was reversible error in excluding the evidence. *Id*.
>
> In circumstances in which it is obvious from the record that the proffered evidence could, under no circumstances, be relevant to the issues, a trial court's refusal to grant an offer of proof is not error. However, if the

obvious incompetence or irrelevance is not readily apparent from the record, it is error to exclude any reasonable offer which demonstrates the relevance and general import of the excluded evidence.

*Alley*, 882 S.W.2d at 815-16.

This court has previously noted that "[Tennessee Code Annotated] section 40-35-201(b) does not by its terms prohibit a comment on the actual sentence received by one other than the criminal defendant himself." *State v. Kenneth Kisamore*, No. M2010-01565-CCA-R3-CD, 2011 WL 2474061, at *4 (Tenn. Crim. App., June 21, 2011), *perm. app. denied* (Tenn. Oct. 19, 2011). Also, as noted in *Kenneth Kisamore*, this court "has also determined that a statement by a prosecutor concerning the possible penalty that a defendant might receive can be harmless error." *Id*. (citing *State v. Letonio Swader*, No. M2005-00185-CCA-R3-CD, 2006 WL 287384, at *6 (Tenn. Crim, App. Feb. 6, 2006), *perm. app. denied* (Tenn. June 26, 2006).

Thus, under *Kenneth Kisamore*, the obvious incompetence or irrelevance of the Defendant's counsel's question is *not* readily apparent from the record. Pursuant to this court's holding in *Letonio Swader*, there quite probably was not a "manifest necessity" to declare a mistrial in this case when under similar circumstances it was only harmless error when the comment was made by the State prosecutor. However, a court does not have to determine if a "manifest necessity" requires the extreme measure of halting a jury trial by declaring a mistrial, if the defendant does not object to the order declaring a mistrial. In *State v. Skelton*, 77 S.W.3d 791 (Tenn. Crim. App. 2001), this court held,

> Lastly, we note that a Defendant should be mindful of his duty to object whenever the trial court declares a mistrial or the state indicates an intention to retry him without his consent. An objection in the record may be crucial because a retrial is not barred by double jeopardy where a Defendant consents to the termination of the trial, notwithstanding the lack of a manifest necessity for doing so. [*State v.*] *Mounce*, 859 S.W.2d [319,] 322 [(Tenn. 1993) (citation omitted)]. In Tennessee, a Defendant who stands silent at a time when he could have objected to the action taken by the trial court may often be considered to have acquiesced in that particular course of action. *Id*. at 322-23. This rule prohibits a party from standing silent while the trial court commits an error in procedure, and then rely on that error to his or her own advantage at a later time.

> *Skelton*, 77 S.W.3d at 799.

Although in *Skelton* this court determined that the defendant had no opportunity to object prior to termination of the proceedings, I conclude Defendant in the case *sub judice*

was not deprived of the opportunity to object to the declaration of a mistrial.  The window of opportunity was not open long, but it was present.  Accordingly, I concur in the results reached by the majority.

_____
THOMAS T. WOODALL, JUDGE